## (December 30, 1937.)

In the Matter of the Application of WILLIAM J. BOGENSHUTZ for Appointment as an Official Referee of the Municipal Court of the City of New York.— Hon. William J. Bogenshutz appointed official referee of the Municipal Court of the City of New York, to take effect from and after January 1, 1938. Present — Hagarty, Carswell, Davis, Johnston, Taylor and Close, JJ.

In the Matter of the Application of BROOKLYN BAR ASSOCIATION in Respect of JACOB N. BROUDY, an Attorney and Counselor at Law.— Matter referred to Hon. Isaac M. Kapper, official referee, to hear and to report with his opinion. Present — Hagarty, Davis, Adel, Taylor and Close, JJ.

LEAH BAUSTEIN, Also Known as LILLIAN BAUSTEIN, Appellant, v. ADOLF BAUSTEIN, Also Known as ABRAHAM BAUSTEIN, Respondent.— In an action brought by the appellant, wife, to annul her marriage to the defendant on the ground of fraud, judgment dismissing the complaint at the close of plaintiff's proofs reversed on the law and a new trial granted, with costs to appellant to abide the event. Findings of fact and conclusions of law as made reversed for the purposes of a new trial. In our opinion, the plaintiff proved a *prima facie* case. (*Shonfeld* v. *Shonfeld*, 260 N. Y. 477, 479, 480.) Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.

WALTER BECK, by His Guardian ad Litem, LOUIS BECK, and LOUIS BECK, Appellants, v. GENERAL NEON TUBE CORP. and J. HARRIS KLONER, Respondents. —, While riding a bicycle on a public highway, the infant plaintiff, then twelve years old, was struck and run over by an automobile owned by the corporate defendant and operated by the other defendant, its employee. Through his guardian *ad litem* he brought an action, which came to trial five and one-half years after the accident. His father brought a separate action to recover for medical expenses and loss of services, and the actions were consolidated. The jury found for defendants. Judgment unanimously affirmed, with costs. In our opinion the infant plaintiff was guilty of contributory negligence as a matter of law. The error in the court's charge (fols. 326, 327), and in its refusal to charge as requested by the plaintiffs (fol. 332), are, therefore, not material. (Civ. Prac. Act, § 106.) Present — Hagarty, Carswell, Johnston, Taylor and Close, JJ.